UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

----oo0oo----

| | |
|---|---|
| J.A.M.O.,<br><br>          Petitioner,<br><br>     v.<br><br>WOFFORD, et al.,<br><br>          Respondents. | No. 1:26-cv-00101-WBS-JDP<br><br><br><br>ORDER |

----oo0oo----

Before the court is petitioner's motion for a temporary restraining order by which he asks the court to order his immediate release from custody on the grounds that his detention violates the procedural and substantive protections conferred by the Due Process Clause.  (See Docket No. 2 at 5.)

Petitioner was detained by immigration authorities on August 7, 2025.  (Id. at 3.)  He filed the instant motion for relief five months later, on January 7, 2026.

"The standard for a [temporary restraining order] is

1

the same as for a preliminary injunction." Rovio Entm't Ltd. v. Royal Plush Toys, Inc., 907 F. Supp. 2d 1086, 1092 (N.D. Cal. 2012) (citing Stuhlbarg Int'l Sales Co. v. John D. Brush & Co., 240 F.3d 832, 839 n.7 (9th Cir. 2001)).  Typically, "[a] plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." Winter v. Nat. Res. Def. Council, Inc., 555 U.S. 7, 20 (2008).  The last two factors "merge when the Government is the opposing party." Nken v. Holder, 556 U.S. 418, 435 (2009).

A petitioner's "long delay" in seeking injunctive relief "implies a lack of urgency and irreparable harm." See Oakland Trib., Inc. v. Chron. Pub. Co., 762 F.2d 1374, 1377 (9th Cir. 1985).  Courts within this circuit have found that delays in seeking temporary restraining orders far shorter than petitioner's five-month delay to "counsel[] against a finding of irreparable harm." Oregon Nat. Desert Ass'n v. Bushue, 594 F. Supp. 3d 1259, 1266 (D. Or. 2022) (two-month delay); see also, e.g., Dahl v. Swift Distrib., Inc., No. 10-cv-0551 SJO RZx, 2010 WL 1458957, at *4 (C.D. Cal. April 1, 2010) (eighteen-day delay); Sanchez v. Sanchez, No. 10-cv-1628 JLS RBB, 2010 WL 4790179, at *5 (S.D. Cal. Nov. 17, 2010) (twenty-six-day delay).

Petitioner's untimely filing is fatal to his motion for temporary restraining order.  While petitioner's counsel argues that the delay should be excused because the "demand for

2

competent lawyers far exceeds availability,"[1] (Docket No. 1-2 at 4), counsel does not explain why the delay spanned five months in this instance.  Counsel's argument implies that even an indefinite delay in filing a motion for temporary restraining order should be excused so long as an imbalance between the supply and demand of competent lawyers exists.

Moreover, counsel's argument is even more dubious given that she managed to file a motion for temporary restraining order on December 14, 2025, for a petitioner who was detained in October 2025, see ECF No. 2, E.J.R.B. v. Wofford, et al., No. 1:25-cv-01843 WBS SCR (E.D. Cal. Dec. 14, 2025).

Because petitioner has failed to demonstrate the existence of irreparable harm, the court "need not consider the other [preliminary injunction] factors." California v. Azar, 911 F.3d 558, 575 (9th Cir. 2018).

IT IS THEREFORE ORDERED that petitioner's motion for a temporary restraining order (Docket No. 2) be, and the same hereby is, DENIED.  Pursuant to 28 U.S.C. § 636(b)(1)(B) and Local General Order No. 262, the case is referred to the assigned magistrate judge for further proceedings.

IT IS SO ORDERED.

Dated: January 8, 2026

WILLIAM B. SHUBB
UNITED STATES DISTRICT JUDGE

---

[1] The court will resist the temptation to counter with the observation that the demand for judges to hear these matters far exceeds their availability.

3