UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

----oo0oo----

J.A.M.O.,

        Petitioner,

   v.

WOFFORD, et al.,

        Respondents.

No. 1:26-cv-00101-WBS-JDP

MEMORANDUM AND ORDER

----oo0oo----

     Petitioner, a native and citizen of Guatemala who is being detained in this district by ICE, has filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. (Docket No. 1.) The matter was referred to a United States Magistrate Judge pursuant to the local rules of this court. On May 5, 2026, the assigned Magistrate Judge filed findings and recommendations recommending that the petition be granted. (See Docket No. 15.) On May 11, 2026, respondents filed objections to the findings and recommendations. (Docket No. 16.)

1

In contrast to the decisions of other judges in this district, the undersigned judge has consistently held that noncitizens such as petitioner who entered the United States unlawfully, "even if they were encountered, taken into custody, and released on parole, were nevertheless 'applicants for admission'" mandatorily detained pursuant to 8 U.S.C. § 1225. J.E.P.M. v. Wofford, No. 1:26-cv-00316 WBS CKD, 2026 WL 125270, at *2 (E.D. Cal. Jan. 16, 2026) (collecting cases).

The Fifth and Eighth Circuits -- the first circuit courts to address the question -- reached the same conclusion. See Buenrostro-Mendez v. Bondi, 166 F.4th 494 (5th Cir. 2026); Avila v. Bondi, 170 F.4th 1128 (8th Cir. 2026). Subsequently, the Second, Sixth, and Eleventh Circuits have weighed in and reached the opposite conclusion. See Barbosa da Cunha v. Freden, --- F.4th ----, 2026 WL 1146044 (2d Cir. Apr. 28, 2026); Lopez-Campos v. Raycraft, --- F.4th ----, 2026 WL 1283891 (6th Cir. May 11, 2026); Hernandez Alvarez v. Warden, Fed. Det. Ctr. Miami, --- F.4th ----, 2026 WL 1243395 (11th Cir. May 6, 2026).

Absent any binding authority in the Ninth Circuit,[1] nor any clear consensus from the circuit courts to have confronted this issue, the undersigned still maintains the position that petitioner was appropriately detained pursuant to 8 U.S.C. § 1225. Accordingly, for that reason and for the reasons set forth in its order denying petitioner's motion for temporary

---

[1]  A Ninth Circuit panel heard oral argument on the question at issue here in Rodriguez Vazquez v. Bostock, No. 25-6842 (9th Cir. 2026), on March 4, 2026, but there is no telling when a decision might be rendered on that appeal.

2

restraining order (Docket No. 6), the undersigned declines to adopt the Magistrate Judge's recommendations.

IT IS THEREFORE ORDERED that petitioner's petition for a writ of habeas corpus (Docket No. 1) be, and the same hereby is, DENIED.

The Clerk of Court is directed to terminate any pending motions and close the case.

IT IS SO ORDERED.

Dated:  May 18, 2026

WILLIAM B. SHUBB
UNITED STATES DISTRICT JUDGE